# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GUADALUPE HERNANDEZ,<br><br>*Plaintiff,*<br><br>-against-<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>*Defendant.* | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

By and through the undersigned counsel, Plaintiff Guadalupe Hernandez ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant First Advantage Background Services Corp. ("First Advantage" or the "CRA Defendant") to recover actual,

statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

## Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## The Parties

4. Plaintiff is an individual and "consumer" within the meaning of the FCRA.

5. Defendant First Advantage is a Georgia entity that conducts business in the State of Georgia, and is a "consumer reporting agency" within the meaning of the FCRA.

## Plaintiff's Claims Against Defendant Pursuant to the Fair Credit Reporting Act

6. Plaintiff is a victim of a mixed file.[1]

7. On or around November 15, 2024, Plaintiff was offered a position with a company doing business as CED.

8. CED's offer of employment to Plaintiff was contingent on Plaintiff passing a background check.

---

[1] A mixed file refers to a situation in which one or more consumer reporting agencies mix or merge the information of more than one consumer into a single consumer file.

9. On or around November 18, 2024, CED ordered Plaintiff's background check from First Advantage.

10. On or around December 19, 2024, First Advantage published a report to CED ("First Advantage Report").

11. The First Advantage Report falsely stated that Plaintiff was guilty of raping a minor ("False Rape Charge."). This publication defamed Plaintiff, thereby:

    a. Giving CED the false impression that Plaintiff was a poor employment risk.

    b. Impugning Plaintiff's reputation and character.

    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

*Damages*

12. At all times pertinent hereto, the conduct of First Advantage and its agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

13. In the alternative, the conduct of First Advantage and its agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

14. First Advantage, as a direct and proximate result of its unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to

third parties.

15. First Advantage's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including headaches, difficulty sleeping, frustration, humiliation, apprehension about applying for employment, and depression.

    b. Plaintiff was defamed by First Advantage, which published false information about Plaintiff that damaged Plaintiff. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

16. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

17. Because of Defendant's willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's

fees.[2]

## CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY FIRST ADVANTAGE
## (CONSUMER REPORTING AGENCY)

18. First Advantage violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to one or more third parties because First Advantage did not follow reasonable procedures to assure maximum possible accuracy of information it reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the False Rape Charge.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendant:

19. Awarding against Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

20. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

---

[2] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Joseph P. McClelland*
Joseph P. McClelland
JOSEPH P. MCCLELLAND, LLC
Georgia Bar No: 483407
235 East Ponce de Leon Avenue, Suite 215
Decatur, GA 30030
Telephone: (770) 775-0938
Fax: (470) 468-0070
Email: joseph@jacksonlaws.com
*ATTORNEY FOR PLAINTIFF*
